**SO ORDERED.**

**SIGNED this 30 day of June, 2025.**



_____
Joseph N. Callaway
United States Bankruptcy Judge

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## NEW BERN DIVISION

**IN RE:**

| | |
|---|---|
| **JSMITH CIVIL, LLC** | **Case No. 23-02734-5 JNC** |
| | **Chapter 11** |
| Debtor | |
| **JSMITH CIVIL, LLC** | |
| Plaintiff, | |
| | **Adversary Proceeding** |
| v. | **Case No. 25-00043-5-JNC** |
| **FOURTH ELM CONSTRUCTION, LLC,** | |
| Defendant. | |

**ORDER STAYING PROCEEDINGS AND COMPELLING ARBITRATION**

Before the court is the Motion to Stay Proceedings Pending Arbitration and Compel Arbitration (AP Dkt. 8, the "Motion")[1] filed April 24, 2025, by defendant Fourth Elm Construction, LLC ("Fourth Elm"). Plaintiff JSmith Civil, LLC ("JSmith") responded objecting thereto on May 27, 2025 (AP Dkt. 15). A hearing on the matter was conducted on

---

[1] Citations to "Dkt. _" are to JSmith's chapter 11 case 23-02734 filed with this court and citations "AP Dkt. __" are to this adversary proceeding.

June 10, 2025 in Greenville, North Carolina. Matthew W. Buckmiller appeared on behalf of JSmith, and Jeffrey M. Reichard appeared on behalf of Fourth Elm. At the conclusion of the hearing, the court announced the Motion was granted and required the parties submit this matter to the arbitration process. This order provides a further explanation of the basis for the ruling.

JSmith is a chapter 11 debtor before this bankruptcy court, having filed its petition (Dkt. 1) on September 19, 2023. Its chapter 11 plan of reorganization was approved by this court by order dated September 19, 2024 (Dkt. 426). Among other things, the confirmed plan permitted JSmith to pursue available litigation post-confirmation. The chapter 11 case remains open and active with this bankruptcy court as it does so.

This adversary proceeding was filed in the bankruptcy court on February 25, 2025 (AP Dkt. 1, the "Complaint"). In it, JSmith seeks to obtain judgment against Fourth Elm and collect proceeds on state law claims of breach of contract and quantum meruit. It also makes a claim for a declaratory judgment. In essence, the Complaint maintains that JSmith was a subcontractor party to a construction contract (AP Dkt. 1-1, the "Contract," which was incorporated by JSmith into the pleadings) with Fourth Elm as contractor, and that the Contract was wrongfully terminated by Fourth Elm resulting in damages suffered by JSmith.

In the Motion, Fourth Elm seeks to stay this adversary proceeding and force JSmith to pursue its breach of contract and other claims in private arbitration as directed in Article 24 of the Contract. Because this action was filed in a federal bankruptcy court, Section 3 of the Federal Arbitration Act ("FAA") is thereby invoked, which provides:

> If any suit or proceeding brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which each suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to

> arbitration under such agreement, *shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement. . . .*

9 U.S.C. § 3 (emphasis added).

Federal courts routinely enforce arbitration agreements under the terms of the FAA. "[W]hen there is a written agreement to arbitrate, that agreement must be enforced unless there is a legal impediment to its enforcement that is not preempted by the FAA." *In re Barker*, 510 B.R. 771, 777 (Bankr. W.D.N.C. 2014). As a result, "a court must compel arbitration of otherwise arbitrable claims … when a motion to compel arbitration is made." *In re E-Z Serve Convenience Stores, Inc.*, No. 02-83138-11D, 2003 WL 21518755, at *2 (Bankr. M.D.N.C. July 1, 2003), *quoting Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 219, 105 S.Ct. 1238, 1242 (1985). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Pattern Grading & Paving, Inc. v. Skanska USA Bldg., Inc.*, 380 F.3d 200, 204 (4th Cir. 2004); *see also In re TP, Inc.*, 479 B.R. 373, 378 (Bankr. E.D.N.C. 2012). Federal courts enforce arbitration provisions absent some overriding and more important general policy exception or other force of law exclusion deemed so critical as to drive the case back to the point of a core bankruptcy jurisdiction despite the state law aspect of the case. *See generally In re Touchstone Home Health*, LLC 572 B.R. 255 (Bankr. D. Colo. 2017); *see also In re Barker*, 510 B.R. at 777 (agreement must be enforced absent a legal impediment).

The arbitration language in Article 24 of the Contract is clear and unequivocal concerning the applicability of arbitration unless both parties agree otherwise. It reflects the intent of the two experienced and sophisticated construction companies. The Complaint does not contain allegations of adhesion or support for one party taking advantage of an

3

unsophisticated party. Fourth Elm and JSmith are long-time commercial construction companies, and no one forced either entity to enter the Contract. JSmith freely acknowledges it signed the Contract, admits to the presence of language in the Contract requiring arbitration, and does not contend Article 24 provides a voluntary arbitration opt-out by one party. Instead, it makes two policy exception arguments.

First, JSmith maintains the arbitration provision of the Contract is void as a matter of law because the Contract contains an unacceptable waiver of claims and limitation of liabilities. *See Lischwe v. Clearone Advantage, LLC (In re Erwin)*, Nos. 15-06713-5-DMW, 17-00055-5-DMW, 2018 Bankr. LEXIS 989, at *18 (Bankr. E.D.N.C. Mar. 30, 2018). In an attempt to draw the instant situation analogous with *Lischwe*, JSmith looks to "Article 22 – Termination" of the Contract, which limits damages to "the actual reasonable costs of Work properly performed" and blocks recovery of other damages. JSmith contends Article 22 effectively waives the right to assert claims beyond breach of contract such as treble damages under North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §75-1.1, et seq. or for punitive damages under N.C. Gen. Stat. § 1D-1, et seq. This argument might carry some weight had JSmith made a viable extra-contractual claim under either statute or asserted fraud, but no such claims are asserted here. The Complaint stands or falls on a claim for breach of contract and quantum meruit; it contains no inkling of illicit behavior by Fourth Elm beyond breach, and makes no mention of facts supporting fraud, unfair commercial practices, or similar actions. Because nothing in the pleadings raises the dispute beyond garden variety breach of contract, JSmith's attempt to avail itself of the *Lischwe* exception fails.

Having failed to prevail on this first exclusionary front, JSmith next contends that because it is a debtor in bankruptcy, the case against Fourth Elm necessarily requires

application of Bankruptcy Code provisions beyond the scope of an arbitration panel. It surmises that compelling arbitration directly interferes with the orderly and efficient administration of the bankruptcy case, citing *Larson v. Swift Rock Financial, Inc. et al (In re Craig)*, 545 B.R. 47 (D. Colo. 2015). However, as with its first argument, the argument fails because the Complaint does not go beyond facts supporting a claim for breach of contract and quantum meruit. It makes no reference to the Bankruptcy Code beyond the fact that JSmith is a post-confirmation chapter 11 debtor; it does not delve into bankruptcy-centric legal claims or policies. No Bankruptcy Code chapter 5 causes of action are asserted, nor has Fourth Elm filed a proof of claim in the chapter 11 case that could be used to assert a counterclaim or other basis of liability (including setoff) in the arbitration, thereby potentially invoking chapter 3 of the Bankruptcy Code. To override the arbitration provision solely because of a later bankruptcy case filing by one of the parties would negate the mutual agreement and intent of the Contract when it was signed, an agreement that one of the parties now seeks to enforce.

Finally, invoking an arbitration clause is not without consequences. Unlike in an adversary proceeding, Fourth Elm cannot file a counterclaim or assert it is entitled to invoke the setoff provisions of 11 U.S.C. § 553 in arbitration without the bankruptcy court first allowing relief from the automatic stay of 11 U.S.C. § 362. When confronted with this conundrum at the hearing, counsel for Fourth Elm declared that Defendant had no section 553 setoff claim that it could assert at arbitration:

> Court [5:18]: Are you contending under the contract that you are entitled to setoff against any claims . . . .as your new damages, whether it's an affirmative defense or a counterclaim, are you asserting that?
>
> Attorney [5:36]: We don't necessarily intend to assert that because we don't need to. …we're not trying to get any affirmative relief from them. We terminated for convenience instead of terminating for cause, which means we wouldn't be entitled to

5

back charge them for overages that we spent in finishing the project and so no, your honor, it would not be related to that.

Having made this representation, Fourth Elm will be held to its acknowledgment and will not be permitted to counterclaim, seek offset in the arbitration process, or otherwise affirmatively recover of JSmith upon pain of possible sanctions and imposition of costs for violation of the automatic stay.

For the reasons stated above and at the hearing, the Motion is GRANTED and this matter is ORDERED and COMPELLED to arbitration consistent with the findings herein. The court, however, retains jurisdiction over core bankruptcy issues should they later arise, including but not limited to the effect of Sections 362 and 553 of the Bankruptcy Code. In the interim, this adversary proceeding shall be administratively stayed pending the outcome of the arbitration.

**END OF DOCUMENT**